UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x

MICHAEL LUCAS,                          :
an individual,                          :        CASE NO.:
                                        :
                 Plaintiff,             :        Judge:
vs.                                     :
                                        :        Magistrate:
LARRY AND APRIL PACK LLC                :
                                        :
                                        :
                 Defendant.             :
------------------------------------------------------x

## COMPLAINT

Plaintiff, MICHAEL LUCAS, by and through his undersigned counsel, hereby files this Complaint and sues LARRY AND APRIL PACK LLC (hereinafter referred to as "DEFENDANT"), for damages, declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and declaratory and injunctive relief, damages, attorneys' fees, and costs the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1.  This is an action for relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

1

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.    Plaintiff, MICHAEL LUCAS, (hereinafter referred to as "MR. LUCAS"), is a person of the age of majority and a citizen of the State of Louisiana.

5.    MR. LUCAS resides in Washington Parish, Louisiana.

6.    MR. LUCAS is a qualified individual with a disability under the ADA and the LCHR. MR. LUCAS has paraplegia because of a spinal cord injury.

7.    Due to his disability, MR. LUCAS is substantially impaired in several major life activities including walking and standing and requires a wheelchair to ambulate.

8.    Upon information and belief LARRY AND APRIL PACK LLC is a Louisiana Limited Liability Company doing business in Washington Parish, Louisiana. Upon information and belief, LARRY AND APRIL PACK LLC is the owner of the real properties and improvements which are the subject of this action, to wit: 205 Superior Ave., Bogalusa, LA 70427 (hereinafter referred to as "the Property").

9.    The Property is a Taco Bell.

10.   DEFENDANT is obligated to comply with the ADA and the LCHR.

11.   All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Washington Parish, Louisiana.

<u>**COUNT I - VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT**</u>

12.   MR. LUCAS realleges and reavers the above Paragraphs as if they were expressly restated herein.

13.   The Property is a place of public accommodation, subject to the ADA, generally located

at: 205 Superior Ave., Bogalusa, LA 70427.

14. MR. LUCAS lives less than one (1) mile from the Property.

15. MR. LUCAS has visited the Property previously and plans to visit the Property again in the future.

16. Upon information and belief, MR. LUCAS's most recent visit to the Property prior to filing this original Complaint was in February, 2026.

17. During his visit, MR. LUCAS encountered architectural barriers while attempting to navigate the Property with his wheelchair.

18. MR. LUCAS has personally observed and is aware of mobility-related barriers at the Property, as discussed below in Paragraph 22.

19. MR. LUCAS plans on returning to the Property but fears that he will encounter the same barriers to access which are the subject of this action.

20. The barriers discussed below in Paragraph 22 are excluding MR. LUCAS from programs, services, and activities offered at the Property.

21. The barriers discussed below in Paragraph 22 are excluding MR. LUCAS from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Property.

22. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. LUCAS due to, but not limited to, the following violations which exist at the Property:

I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

A. The designated-accessible parking space at the Property is located in the back, not an area closest to the Property's entrance;

B. The designated-accessible parking space at the Property and its attendant access aisle contain an impermissibly steep slope; and

C. Other mobility-related ADA barriers to be identified following a complete inspection.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. LUCAS with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

MR. LUCAS has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. LUCAS is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

26. MR. LUCAS repeats and realleges all preceding paragraphs in support of this claim.

27. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

28. At all times relevant to this action, MR. LUCAS has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

29. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

30. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

31. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

32. DEFENDANT discriminated against MR. LUCAS, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed above.

5

33.    MR. LUCAS deems himself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein.

34.    MR. LUCAS is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## **PRAYER FOR RELIEF**

WHEREFORE, MR. LUCAS demands judgment against DEFENDANT, and requests the following injunctive relief, damages, and declaratory relief:

A.    That this Court declare that the Property owned and/or operated, by DEFENDANT, is in violation of the ADA and the LCHR;

B.    That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C.    That this Court award damages to MR. LUCAS pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. LUCAS pursuant to the ADA and the LCHR; and That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**THE BIZER LAW FIRM, LLC**
*Attorney for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com